UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY M. SEEMAN,

                Plaintiff,                Case No. 1:12-cv-1398

v.                                       Honorable Janet T. Neff

WILLIAM M. FAGERMAN,

                Defendant.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner.  The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the filing fee when funds become available.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed.

**Factual Allegations**

Plaintiff Timothy Seeman is a prisoner incarcerated at the St. Louis Correctional Facility.  He sues William M. Fagerman, a judge of the Wexford County Circuit Court.  In his *pro se* complaint, Plaintiff alleges that on December 5 and 13, 2012, Defendant Fagerman ruled on (and presumably denied) two motions that Plaintiff filed in that court: a motion to correct Plaintiff's sentence and a motion to correct Plaintiff's presentence report.  In a supplement to the complaint (docket #10), Plaintiff asserts that on January 31, 2013, Defendant ignored a discovery request that was attached to a motion to withdraw Plaintiff's plea, and mis-characterized that motion as a request for relief from judgment.

Based on the foregoing, Plaintiff asserts that Defendant violated his right of access to the courts and his constitutional rights under the Sixth and Fourteenth Amendments.  Plaintiff also contends that Defendant conspired to violate his constitutional rights (citing 42 U.S.C. § 1985), and that Defendant's conduct constituted extortion, fraud, perjury, negligent misrepresentation, and official misconduct under state law.  As relief, Plaintiff seeks an order requiring the state court to address "inaccuracies" in Plaintiff's pre-sentence report.  (Compl., docket #1, Page ID#7.)

**Discussion**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

- 2 -

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

I.  Rule 60

Plaintiff purports to bring this action under Rule 60(b) and Rule 60(d) of the Federal Rules of Civil Procedure. However, Rule 60 does not apply here. That rule permits the movant to seek relief from the Court's *own* judgment; it does not permit the Court to grant the relief requested by Plaintiff, which is to vacate the judgment of another court. Indeed, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. *See United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476); *Rooker*,

- 3 -

263 U.S. 413. Therefore, Rule 60 does not apply, and to the extent that Plaintiff seeks to reverse the state court's decisions denying his motion, the *Rooker-Feldman* doctrine bars this action.

      II.      <u>Section 1983</u>

      Plaintiff contends that Defendant violated his constitutional rights. Construing Plaintiff's complaint generously, he arguably brings a civil rights action under 42 U.S.C. § 1983, which authorizes suit against a person acting under color of state law. *See id.* So construed, however, Plaintiff's action is barred for several additional reasons.

      First, the action is barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's action concerns Defendant's rulings with respect to the validity of Plaintiff's conviction and/or sentence. Thus, his action is barred under *Heck* unless and until that sentence has been invalidated.

      Second, because Defendant is a state-court judge, he is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the

- 4 -

highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that Defendant's rulings on Plaintiff's motions were judicial acts and that he was acting within his jurisdiction. Accordingly, Judge Fagerman is absolutely immune from liability, and Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, because Defendant is a judge, Plaintiff may not maintain an action under § 1983 for injunctive relief. That statute provides that injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, he also cannot seek injunctive relief against Defendant under § 1983.

III.    Section 1985

Plaintiff also claims that Defendant conspired to interfere with his rights, citing 42 U.S.C. § 1985. To state a viable claim for conspiracy, however, a plaintiff must plead with

particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). A simple allegation that several individuals conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegation of conspiracy is wholly conclusory.  Indeed, Plaintiff does not identify any other individual with whom Defendant might have conspired.  Consequently, Plaintiff does not state a claim under § 1985.

IV.    State law

Plaintiff also asserts that Defendant's actions violated various state laws, but § 1983 does not provide redress for a violation of state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over independent state-law claims, the Court declines to exercise such jurisdiction.  *See* 28 U.S.C. § 1367(c)(3) (allowing the district court to decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance

- 6 -

those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed with prejudice for failure to state a claim and/or because Defendant is immune from relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

- 7 -

A Judgment consistent with this Opinion will be entered.


Dated:  April 8, 2013                          /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge

- 8 -